UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

J.A.H. ENTERPRISES, INC.                                          CIVIL ACTION

VERSUS
                                                                  NO. 16-124-SDD-RLB
BLH EQUIPMENT, L.L.C., ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 24, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| J.A.H. ENTERPRISES, INC. | CIVIL ACTION |
| VERSUS | |
| BLH EQUIPMENT, L.L.C., ET AL. | NO. 16-124-SDD-RLB |

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Before the Court is Defendant Nick Clark d/b/a Nick Clark Auctions' ("Nick Clark") Motion to Dismiss for lack of personal jurisdiction. (R. Doc. 56). The motion is opposed. (R. Doc. 65). Plaintiff filed a Reply. (R. Doc. 74).

**I.    Background**

On May 27, 2014, plaintiff J.A.H. Enterprises, Inc., which does business as "Henderson Auctions," initiated this action in the 21st Judicial District Court, Livingston Parish, Louisiana, naming as defendants BLH Equipment, L.L.C. ("BLH"), James Blake Everett ("Blake Everett"), Sam Everett, and ELA Mission, L.L.C. ("ELA") (collectively, "Defendants"). (R. Doc. 1-2, "Petition").

In the original Petition, Henderson Auctions alleges that it acquired a casino vessel for approximately $600,000, expended approximately $300,000 to maintain, moor, and prepare the vessel for resale, and that it partnered with Blake Everett to sell the vessel and split the profits equally. (Petition ¶¶ 5, 9-11). The Petition provides that Henderson Auctions reached an agreement with a Louisiana buyer to transfer title to the casino vessel for $350,000 in cash and title to a property in Kosiusko, Mississippi known as the "Ivey House." (Petition ¶ 12). The Petition further provides that Blake Everett then set up ELA, a Mississippi limited liability company to which only Blake Everett is a member, to take ownership of the Ivey House despite

1

the parties' agreement to place ownership into the hands of a co-owned limited liability company. (Petition ¶¶ 13-14). The Petition further provides that Blake Everett scheduled an auction of the Ivey House and its contents without informing Henderson Auctions or its owners, Jeffrey Henderson and Janet Henderson Cagley. (Petition ¶ 17).

On May 31, 2016, Henderson Auctions filed an Amended Complaint. (R. Doc. 31, "Am. Compl."). In the Amended Complaint, Henderson Auction names as a defendant "Nick Clark Auctions, Inc., a Mississippi corporation doing business in the State of Louisiana as a member of the Louisiana Auctioneers Association, among other things." (Am. Compl. ¶ 5). Nick Clark asserts that he was wrongly identified as "Nick Clark Auctions, Inc." in the Amended Complaint. (R. Doc. 56 at 1).

Henderson Auctions alleges that in April of 2014, "Blake and Sam Everett scheduled an auction of all of the Ivey House's furniture, fixtures, and equipment, with Nick Clark Auctions to be followed by a sale or public auction of the Ivey House itself." (Am. Compl. ¶ 22). The parties to the instant motion have filed into the record a copy of an April 18, 2016 agreement between Nick Clark and ELA with regard to the sale of the Ivey House and its property. (R. Doc. 56-2; R. Doc. 65-2).

Henderson Auctions further alleges that after it learned of the sale of the Ivey House's furniture, fixtures, and equipment, it obtained "a temporary restraining order from a Mississippi state court requiring the escrow of any proceeds of the sale of the assets and an injunction against the sale of the Ivey House" and "obtained an agreement with Nick Clark . . . to retain the proceeds from the sale until further notice." (Am. Compl. ¶ 23). Nick Clark has submitted a copy of the May 16, 2014 temporary restraining order issued by the Chancery Court of Attala

County, Mississippi, which states that it "shall expire, unless otherwise extended, on May 29, 2014." (R. Doc. 56-3 at 2).

Henderson Auctions further alleges that Nick Clark breached his agreement with Henderson Auctions, and allowed for the devaluation of the Ivey House, when Nick Clark subsequently released the sale proceeds to the other defendants. (Am. Compl. ¶¶ 23, 49, 61). Henderson Auctions seeks to recover damages and/or declaratory relief from Nick Clark in Count 1 for "breach of contract/bad faith breach of contract" and in Count 4 for "conversion/fraud/tort/misrepresentation." (Am. Compl. ¶¶ 49-51, 61-62).

On August 10, 2016, the Court granted Nick Clark an extension until August 30, 2016 to answer the Amended Complaint. (R. Doc. 52).

On August 26, 2016, Nick Clark filed the instant motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction. (R. Doc. 56).

## II.     Arguments of the Parties

Nick Clark argues that the allegations in the Amended Complaint do not establish that there is specific jurisdiction because (1) he did not direct any activities at the State of Louisiana; (2) all of the allegations raised against him arise from an auction of property in the State of Mississippi; and (3) it would be unfair to subject him to personal jurisdiction because there is no connection between him, the work he did at the auction, and the State of Louisiana. (R. Doc. 56-1 at 5).  Nick Clark further argues that he did not enter into a contract with Henderson Auctions, and the conclusory allegation of such a contract, even if it did exist, is insufficient to satisfy the requirements for specific jurisdiction. (R. Doc. 56-1 at 5-6).  Nick Clark further argues that there is no general jurisdiction over him because (1) having a license in Louisiana is not sufficient to

establish general jurisdiction, and (2) the two auctions he has conducted in Louisiana do not constitute continuous and systematic contacts with the forum state. (R. Doc. 56-1 at 6-8).

In opposition, Henderson Auctions argues that the Court has specific jurisdiction over Nick Clark because he contracted with Henderson Auctions and knew that Henderson Auctions was a Louisiana company. (R. Doc. 65 at 7-8). Henderson Auctions further argues that the Court may exercise specific jurisdiction over Nick Clark because it has alleged claims in both contract and tort, as well as a derivative "oblique action," and Nick Clark's acts caused injuries in the forum state. (R. Doc. 65 at 8-9). Henderson Auctions claims that general jurisdiction exists because a print-out of Nick Clark's website (R. Doc. 65-4) suggests that Nick Clark has systematic and continuous contacts in the forum state. (R. Doc. 65 at 5).

In reply, Nick Clark further argues that the Court does not have specific jurisdiction over him regardless of whether Henderson Auctions alleged a contract claim or tort claim. (R. Doc. 74).

### III. Law and Analysis

"Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv N'care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)). The plaintiff bears the burden of making a *prima facie* showing that the Court has jurisdiction over a defendant. *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 460 (5th Cir. 1996); *Percle v. SFGL Foods, Inc.*, 356 F. Supp. 2d 629, 633 (M.D. La. 2004). "[U]ncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir.

1990). However, in assessing whether the plaintiff has presented a *prima facie* case of personal jurisdiction, the court "will not 'credit conclusory allegations, even if uncontroverted.'" *Sealed Appellant 1 v. Sealed Appellee 1*, 625 F. App'x. 628, 631 (5th Cir. 2015) (quoting *Panda Brandy Wine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001)). The Court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)).

In a diversity action, a federal district court may exercise personal jurisdiction over a defendant to the extent permitted by the applicable state law. *Panda Brandywine*, 253 F.3d at 868. "A federal court . . . may exercise personal jurisdiction over a nonresident defendant (1) as allowed under the state's long-arm statute; and (2) to the extent permitted by the Due Process Clause of the Fourteenth Amendment." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009). It is well-established that Louisiana's long arm statute, La. R.S. § 13:3201, is coextensive with the limits of constitutional due process. *Jackson v. Tanfoglio Giuseppe, SRL*, 615 F.3d 579, 584 (5th Cir. 2010) (citing *Walk Haydel & Assocs. v. Coastal Power Prod. Co.*, 517 F.3d 235, 242-43 (5th Cir. 2008)). Thus, the inquiry is whether the exercise of personal jurisdiction comports with federal constitutional due process guarantees. *Id.* "[T]he Fourteenth Amendment Due Process clause requires satisfaction of a two prong test in order for a federal court to properly exercise jurisdiction: (1) the nonresident must have minimum contacts with the forum state, and (2) subjecting the nonresident to jurisdiction must be consistent with 'traditional notions of fair play and substantial justice.'" *Freudensprung v. Offshore Tech. Serv., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004) (citing *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784 (5th Cir. 1990) and *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)). Sufficient minimum contacts will give

5

rise to either general, "all-purpose" jurisdiction or specific, "case-linked" jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v Brown*, 564 U.S. 915, 919 (2011).

### A.     General Jurisdiction

When a nonresident defendant's contacts with the forum state, although not related to the plaintiff's cause of action, "are so 'continuous and systematic' as to render [it] essentially at home in the forum State," the Court may exercise general personal jurisdiction over the defendant. *Daimler AG v. Bauman,* 134 S. Ct. 746, 761 (2014) (quoting *Goodyear*, 131 S. Ct. 2846, 2851 (2011)) (alteration original); *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010).  The Supreme Court considered the requirements for establishing general jurisdiction in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014).  The Court instructs that the proper consideration when determining general jurisdiction is "whether that corporation's affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* at 761 (quoting *Goodyear*, 131 S. Ct. 2846, 2851 (2011)) (alteration original). The Fifth Circuit has observed that "[i]t is incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd., v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).  "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

Henderson Auctions has not made a prima facie showing that the Court may exercise general jurisdiction over Nick Clark, a resident and domiciliary of Mississippi.  There is no dispute that Nick Clark is licensed to conduct auctions in Louisiana, and has conducted an auction in Louisiana in June of 2013 at Harrah's Casino in New Orleans and another in May of 2016 at Horseshoe Casino in Bossier City. (R. Doc. 56-4 ¶¶ 6, 8, and 9).  These facts are

6

insufficient, without more, to establish a prima facie case of general jurisdiction. Maintaining a license in a state does not necessarily mean that the state has general jurisdiction over the licensed individual. *Bosarge v. Master Mike, Inc.*, 669 So. 2d 510, 512 (La. App. 4th Cir. 1996) (Louisiana commercial fishing and gear licenses); *Advance Petroleum Serv., Inc. v. Cucullu*, 614 So. 2d 878, 880 (La. App. 3rd Cir. 1993) (Louisiana law license).

Similarly, conducting two auctions in Louisiana in the course of three years is not an example of continuous and systematic conduct that would allow this Court to exercise general jurisdiction over Nick Clark. This Court has recently found that it lacked general jurisdiction over a business entity that was registered to do business in Louisiana, but did not have an office, facilities, records, or employees in the state; did not have any ongoing projects in Louisiana; and last performed a project in Louisiana three years before the lawsuit was commenced. *See Gulf Coast Bank & Trust Co. v. Designed Conveyor Sys., LLC*, No. 16-412, 2016 WL 4939113, at *3 (M.D. La. Sept. 14, 2016); *see also Bosarge*, 669 So.2d at 512 (six contacts with forum state over a four year period was insufficient to establish general jurisdiction). Similarly, individuals with more substantial and continuous contacts with Louisiana have nevertheless been held to not be subject to the forum's general jurisdiction. *See*, *e.g.*, *Wilson v. Belin,* 20 F.3d 644, 650 (5th Cir. 1994) (defendant who carried malpractice insurance through a Texas firm for less than a year; performed approximately one legal project per year in Texas; gave a legal seminar in Texas; served in a limited capacity as a pro bono consultant to a historical society in Texas; traveled to Texas twice; wrote a letter to the editor that appeared in a Texas newspaper; and gave a few interviews to Texas reporters over the years was not subject to general personal jurisdiction in Texas).

7

Finally, the Court has also reviewed the printouts of Nick Clark's website provided by Henderson Auctions. (R. Doc. 65-4). Those documents do nothing more than establish that Nick Clark is a licensed auctioneer in Louisiana and has held auctions at Louisiana casinos. These facts are not in dispute and, as discussed above, are insufficient to establish general jurisdiction over Nick Clark. *See Reliant Mgmt. Grp., LLC v. UltraCare Healthcare, LLC*, No. 13-250, 2013 WL 3864321, at *5 (M.D. La. July 24, 2013) (passive website that did nothing to specifically target Louisiana residents, but that referred to business in Louisiana in the past, did not support a finding of general jurisdiction).

As Henderson Auctions has not made a prima facie showing that the Court may exercise general jurisdiction over Nick Clark, the Court will turn to whether Henderson Auctions has established that the Court may exercise specific jurisdiction over him.

**B.     Specific Jurisdiction**

Even when the defendant lacks "continuous and systematic contacts" to support general jurisdiction, the court may still exercise specific jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum." *Luv N'care*, 438 F.2d at 469 (quoting *Helicopteros Nacionales*, 466 U.S. at 414 (1984)). Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). "[T]o exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum state." *Id*.

The Fifth Circuit employs a three-step analysis for the specific jurisdiction inquiry: (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of

8

conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Monkton*, 768 F.3d at 433 (quoting *Seiferth* at 271). Stated differently, the first two prongs requires there to "be a sufficient nexus between the defendant's minimum contacts and the plaintiff's alleged injury." *Dontos v. Vendomation NZ Ltd.*, 582 F. App'x 338, 342–43 (5th Cir. 2014) (citing *Clemens v. McNamee*, 615 F.3d 374, 379 (5th Cir. 2010). If the plaintiff can establish the first two prongs, the burden shifts to the defendant to show that exercising jurisdiction would be unfair or unreasonable. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006) (citations omitted).

Henderson Auctions alleges that in April of 2014, "Blake and Sam Everett scheduled an auction of all of the Ivey House's furniture, fixtures, and equipment, with Nick Clark Auctions to be followed by a sale or public auction of the Ivey House itself." (Am. Compl. ¶ 22). Henderson Auctions further alleges that after it learned of the sale, it obtained "a temporary restraining order from a Mississippi state court requiring the escrow of any proceeds of the sale of the assets and an injunction against the sale of the Ivey House" and "obtained an agreement with Nick Clark of Nick Clark Auctions to retain the proceeds from the sale until further notice." (Am. Compl. ¶ 23). Finally, Henderson Auctions alleges that Nick Clark breached this agreement, and allowed for the devaluation of the Ivey House, when Nick Clark subsequently agreed to "pay $4,000.00 as an advance to [the other] defendants and then to turn over the remainder of the auction proceeds (represented to be over $29,000.00) to [the other] defendants without notifying Henderson Auctions." (Am. Compl. ¶¶ 23, 49, 61).

As discussed above, there is no dispute that Nick Clark is a licensed auctioneer in Louisiana and has conducted two auctions at Louisiana casinos in 2013 and 2016. There is also

no dispute that the auction of the Ivey House and its contents occurred in Mississippi; the contract between Nick Clark and ELA concerning the sale of the Ivey House and its contents was executed in Mississippi; and that the temporary restraining order was issued by a Mississippi Court.

What is disputed, however, is whether Nick Clark and Henderson Auctions entered into a contract prior to the Ivey House auction in which Nick Clark agreed to escrow the proceeds of the sale of the Ivey House's furniture, fixtures, and equipment until further notice from Henderson Auctions.[1]  Henderson Auctions raises the conclusory allegation that its representatives "obtained an agreement" with Nick Clark "to retain the proceeds from the sale until further notice." (Am. Compl. ¶ 23).  The Court need not accept this conclusory allegation of an "agreement" between Nick Clark and Henderson Auctions regarding the sale proceeds. *Sealed Appellant 1*, 625 F. App'x. at 631; *Panda Brandy Wine*, 253 F.3d at 869.  The allegation provides no information regarding where the contract was negotiated, who was involved in the negotiation, and what constituted the terms of the agreement.  Indeed, the allegation leaves it unclear whether the "agreement" by Nick Clark was simply an unbinding unilateral promise to "retain the proceeds from the sale until further notice" from the Mississippi court regarding the continued enforcement of the temporary restraining order.

The parties have submitted declarations regarding the existence of the purported contract.  In his declaration, Nick Clark denies that he entered into any such agreement. (R. Doc. 56-4, ¶¶ 2, 12).  Henderson Auctions submits a competing declaration by its Mississippi counsel, William T. May, indicating that he and his law partner, on behalf of Henderson Auctions, reached an oral agreement with Nick Clark on a telephone call on May 27, 2014. (R. Doc. 65-3, ¶ 4).  Mr. May

---

[1] While Henderson Auctions asserts a cause of action against Nick Clark for "breach of contract," it avoids calling the alleged "agreement" a "contract" in support of its opposition.

10

represents that he and his partner made it clear to Mr. Clark during that conversation that they represented the interests of a Louisiana company called Henderson Auctions and "that Mr. Clark agreed and committed that the funds from the sale proceeds would be escrowed because of the ownership dispute with Henderson Auctions." (R. Doc. 65-3, ¶¶ 5, 6). While the allegations regarding this purported contract in the Amended Complaint are conclusory, the Court will further analyze whether the assertions in Mr. May's declaration, if accepted as true, establishes minimal contacts for the purposes of exercising specific jurisdiction. *See Bullion*, 895 F.2d at 217.

It is well-settled that an individual's contract with an out-of-state party alone cannot automatically establish sufficient minimum contacts in the other party's home forum. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478 (1985); *A & L Energy, Inc. v. Pegasus Grp.*, 791 So. 2d 1266, 1272 (La. 2001) (citing *Burger King*, 471 U.S. at 477-79). When determining whether a contact establishes personal jurisdiction, the Court must evaluate "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing . . . in determining whether the defendant purposefully established minimum contacts within the forum." *Burger King*, 471 U.S. at 479.

Henderson Auctions has not alleged or provided any substantiating evidence of any prior negotiations between Henderson Auctions and Nick Clark. Furthermore, the conclusory allegations of an agreement between Henderson Auctions and Nick Clark as stated in the Amended Complaint remain vague notwithstanding the assertions in Mr. May's declaration. There is no discussion in the declaration of any consideration exchanged by the parties. Mr. May's declaration asserts little more than that Mr. Clark, in light of the temporary restraining order, "agreed and committed that the funds from the sale proceeds would be escrowed because

of the ownership dispute with Henderson Auctions." (R. Doc. 65-3, ¶¶ 5, 6).  Henderson Auctions has not alleged, much less explained, how such a unilateral oral promise would constitute a binding agreement between the parties.  Moreover, to the extent any agreement was made, it is clear that Henderson Auctions initiated the contact, not Mr. Clark.  Finding specific jurisdiction in such a situation "could allow a plaintiff to simply manufacture jurisdiction" by initiating contact with the defendant.  *Tafaro v. Innovative Discovery, LLC*, 89 F. Supp. 3d 867, 875 (E.D. La. 2015).  Based on the foregoing, the Court concludes that even if Nick Clark agreed to hold the proceeds in escrow notwithstanding any independent duty to do so in light of the temporary restraining order, that agreement does not establish minimum contacts with the forum state of Louisiana.

Similarly, with regard to the broad allegations of conversion, fraud, tort, and misrepresentations alleged in Count 4, Henderson Auctions has not established that the Court has specific jurisdiction over Nick Clark.  In support of these causes of action, Henderson Auctions merely alleges that Nick Clark "also breached obligations to Henderson Auctions and/or [ELA] by failing to recommend the sale of the Ivey House with all of its furniture, fixtures, and equipment." (Am. Compl. ¶ 61).  Henderson Auctions does not assert any allegations to support a conversion, fraud, or misrepresentation claim, much less that Nick Clark directed any false assurances or misrepresentations to Henderson Auctions in Louisiana.  *See FCA Ins. Co. v. Bay Corp. Holdings, Ltd.*, 48 F. App'x 480 (5th Cir. 2002) (false assurance and misrepresentations sent to Texas to induce a plaintiff and the fact that the plaintiff detrimentally relied upon such assurances and misrepresentations is a sufficient basis for a court to exercise specific jurisdiction over a defendant).  Henderson Auctions also does not identify what non-contractual duties Nick Clark had to "recommend the sale of the Ivey House with all of its furniture, fixtures, and

equipment." To the extent such a duty arose from the contract between Nick Clark and ELA, there is no dispute that that contract was executed in Mississippi and concerned the sale of property in Mississippi. As with the alleged breach of contact claim, it was Henderson Auctions who initiated contact with Mr. Clark in the first place, which militates against a finding of specific jurisdiction. *See Brown v. Flowers Indus., Inc.*, 688 F.2d 328, 333 (5th Cir. 1982).

While Nick Clark has directed certain activities at the forum state (including holding auctions in Louisiana in 2013 and 2016), Henderson Auction's causes of action against Nick Clark do not arise out of those established activities or otherwise result from Nick Clark's forum-related contacts. All of the established facts regarding the sale of the Ivey House and its contents occurred in Mississippi, including the contract for the sale, the actual sale, and the temporary restraining order issued with regard to the distribution of the proceeds of the sale. Henderson Auctions has provided no evidence that Nick Clark travelled to Louisiana or otherwise directed activities to Louisiana with regard to sale of the Ivey House or the distribution of the proceeds. Even if Nick Clark entered into some oral agreement with representatives of Henderson Auctions regarding the distribution of the proceeds, Henderson Auctions has submitted no evidence that the agreement was made in Louisiana.

Based on the foregoing, the Court concludes that Henderson Auctions has not established that Nick Clark has minimum contacts with the forum state of Louisiana and has not established that there is a nexus between those contacts and each of the alleged causes of action sufficient to support a finding of specific jurisdiction. Accordingly, the Court need not determine whether Nick Clark has established that there are legitimate concerns regarding fair play and substantial justice that would require the Court to not exercise jurisdiction over him. *See Wein Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999).

**IV.**     **Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that Nick Clark's Motion to Dismiss for lack of personal jurisdiction (R. Doc. 56) be **GRANTED**, and that the claims against Nick Clark be **DISMISSED WITHOUT PREJUDICE.**

Signed in Baton Rouge, Louisiana, on October 24, 2016.

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**